# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRANE E. DAVIS,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 08-cv-356-WDS** |
| vs. ) | **CRIMINAL NO. 94-cr-3009** |
| ) | |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Petitioner was found guilty, after a jury trial, of robbing a credit union, using and carrying a firearm during a crime of violence, and forcing a victim to accompany him during the robbery. *See United States v. Davis*, 48 F.3d 277, 278 (7th Cir. 1995); *United States v. Davis*, No. 94-cr-3009 (S.D. Ill.). Petitioner was sentenced to a total of 222 months imprisonment. Petitioner's convictions and sentences were affirmed on direct appeal. *Id*. Petitioner states that he did not seek a petition for a writ of certiorari to the Supreme Court of the United States.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Because the Petitioner's conviction became final on or before April 24, 1996, he was required to file his § 2255 motion before April 24, 1997, unless his motion met one of the exceptions set forth in the statute. See *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 117 S. Ct. 2059 (1997); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). Petitioner, however, did not file the instant § 2255 motion until May 16, 2008. The Petitioner has not indicated that his motion meets any of the exceptions set forth in the statute. Therefore, the instant motion is barred by the statute of limitations. Accordingly, the instant § 2255 action is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

**DATED: June 30, 2009.**

                                           **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**